# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CHEROKEE INSURANCE COMPANY,** *et al.*                   **PLAINTIFFS**

v.                                   **CIVIL ACTION NO. 2:16-CV-98-KS-MTP**

**THOMAS SMITH,** *et al.*                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiffs' Motion for Partial Summary Judgment [52].

### I. BACKGROUND

This case arises from a motor vehicle accident involving two tractor-trailers, or "18-wheelers." Plaintiffs' truck was a standard 18-wheeler pulling a trailer. Defendants' truck pulled a "wide load" – a mobile home. Defendant Thomas Smith drove the "wide load" truck, while Defendant Danny Madden drove an escort vehicle.

Everyone was traveling north on Highway 49.[1] There were two northbound lanes, a middle turn lane between the north- and south-bound traffic, and an outside right turn lane. At the time of the accident, Defendant Smith's "wide load" truck was in the left northbound lane, apparently preparing to make a wide right turn. Defendant Madden's escort vehicle was behind the "wide load" truck. Plaintiffs' truck was cruising

---

[1] The accident was captured by a dash-cam video [52-2, 54] in Plaintiffs' truck, which Plaintiff attached as Exhibit A1 to its Motion for Partial Summary Judgment. The Court's description of the accident is derived from its viewing of the video, rather than the parties' descriptions of the accident.

in the outside lane, which turned into a turn lane several seconds before the accident. Plaintiffs' driver, Andrew Felder, passed the escort vehicle and struck the "wide load" truck as it made a wide right turn from the left lane.

At the time of the accident, Defendants Smith and Madden were either employees of Defendant GKD Management Co., LP, d/b/a A&G Commercial Trucking, or they operated their vehicles pursuant to a contract with GKD. Plaintiff Phenix Transportation was insured by Plaintiff Cherokee Insurance Company. Cherokee paid Phenix policy benefits and became subrogated to its rights against the Defendants.

Plaintiffs filed this lawsuit. They allege that Smith and Madden's negligence proximately caused the accident. Specifically, they allege that Smith and Madden failed to keep a proper lookout, failed to yield the right-of-way, failed to maintain proper control of their vehicles, failed to operate their vehicles at the proper rate of speed, failed to observe and respond to the traffic conditions, and failed to abide by regulations promulgated by the Mississippi Department of Transportation ("MDOT"). Plaintiffs further allege that GKD is vicariously liable for Smith and Madden's actions and omissions. Finally, Plaintiffs allege that Defendants are liable to Cherokee in the amount of $76,219.75, the amount it paid under the policy issued to Phenix. They further allege that Defendants are liable to Phenix in the amount of $15,000.00, which represents the remaining actual cash value of its damaged truck.

Plaintiffs filed a Motion for Partial Summary Judgment [52] as to Defendants Smith and Madden. The motion is ready for review.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

Plaintiffs argue that summary judgment against Defendants Smith and Madden is appropriate because video of the accident from the dash-cam in Plaintiffs' truck "clearly shows the Defendants were entirely at fault for the accident." For the purpose of addressing the current motion, the Court will assume that the record contains evidence that Defendants Smith and Madden negligently caused the accident.

3

Of course, "there may be more than one proximate cause" of an accident. *Tharp v. Bunge Corp.*, 641 So. 2d 20, 24 (Miss. 1994). "The defendant may be negligent, but so too may be the plaintiff." *Id.* "Mississippi is a pure comparative negligence state. Where negligence by both parties is concurrent and contributes to injury, recovery is not barred. Instead, the plaintiff's recoverable damages are diminished by the proportion of her contributed negligence." *Smith v. Waggoners Trucking Corp.*, 69 So. 3d 773, 778 (Miss. Ct. App. 2011); *see also* MISS. CODE ANN. § 11-7-15. Based on the evidence currently before the Court, a reasonable jury could find that the negligence of Plaintiffs' driver, Felder, was also a contributing cause of the accident.

First, Plaintiffs' dash-cam video [52-2, 54] shows that Felder was cruising in the outside right turn lane at the time of the accident. It also appears that he was traveling at a higher rate of speed than the other northbound traffic. Moreover, at approximately seven seconds into the video – several car lengths away from the point of impact – Felder removed his eyes from the road and looked out the window to his left. He returned his eyes to the road approximately two seconds later, an instant before impact.

Next, Defendants presented affidavits in response to Plaintiffs' motion. Defendant Smith [58-1] declared that Felder "was driving at a high rate of speed in the lane which was marked for right turns only." Likewise, Defendant Madden [58-2] declared that "a truck driven by Andrew Felder came from behind [him] in the right turn lane at a high rate of speed." He stated that "Felder never slowed or applied his brakes until the point of impact."

This evidence is sufficient to create a genuine dispute of material fact as to who bears what percentage of fault for the accident. Even if Defendants Smith and Madden were negligent, a reasonable jury could allocate some fault to Plaintiffs' driver, Felder.

Plaintiffs argue that Defendants can not demonstrate that Felder's alleged negligence was a contributing cause of the accident without expert testimony. Expert testimony is only required for "affairs not within the understanding of the average man." *United States v. Moore*, 997 F.2d 55, 57 (5th Cir. 1993). If the jury can make a determination "using only their common experience and knowledge," expert testimony is unnecessary. *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990). Motor vehicles and their use are ubiquitous in this region. An average juror, utilizing his common experience and knowledge, is more than capable of allocating fault in a motor vehicle accident without the assistance of expert testimony. *See Fleming v. Floyd*, 969 So. 2d 868, 878-79 (Miss. 2007) (party to vehicle accident case was not required to present expert testimony to rebut opposing party's expert on issue of causation and fault).

### IV. CONCLUSION

For these reasons, the Court **denies** Plaintiffs' Motion for Partial Summary Judgment [52].

SO ORDERED AND ADJUDGED this ___11th___ day of ___May___, 2017.

                                               s/Keith Starrett
                                         UNITED STATES DISTRICT JUDGE